CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/20/2019
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TRAVIS T. TOLLEY,<br><br>                                    *Plaintiff,*<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                                  *Defendant.* | CASE NOS. 6:19-cv-00062 (*Tolley I*)<br>                6:19-cv-00063 (*Tolley II*)<br>                6:19-cv-00064 (*Tolley III*)<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Wells Fargo's motion to dismiss for failure to state a claim in the following cases: *Travis T. Tolley v. Wells Fargo Bank, N.A.*, Case No. 6:19-cv-00062 (*Tolley I*), *Travis T. Tolley v. Wells Fargo Bank, N.A.*, Case No. 6:19-cv-00063 (*Tolley II*), *Travis T. Tolley v. Wells Fargo Bank, N.A.*, Case No. 6:19-cv-00064 (*Tolley III*). For the reasons stated herein, the Plaintiff's "CounterClaim" filings will be recognized as an amended complaint in each of these cases, and the Defendant's motions to dismiss Plaintiff's original pleadings in each of these cases will be dismissed as moot. Such dismissal is without prejudice to Wells Fargo's ability to file in due course another Rule 12 motion or other response to Plaintiff's amended complaint.

## BACKGROUND

On August 12, 2019, Plaintiff Travis Tolley filed three actions pro se against Wells Fargo in the General District Court of Bedford, Virginia, in actions styled *Travis T. Tolley v. Wells Fargo Bank, N.A.*, No. GV19001943, *Travis T. Tolley v. Wells Fargo Bank, N.A.*, No. GV19001944, *Travis T. Tolley v. Wells Fargo Bank, N.A.* No. GV19001948. Wells Fargo removed each of these actions to this Court on September 12, 2019, and each has since been respectively styled as *Travis T. Tolley v. Wells Fargo Bank, N.A.*, No. 6:19-cv-62, *Travis T. Tolley v. Wells Fargo Bank, N.A.*,

No. 6:19-cv-63, *Travis T. Tolley v. Wells Fargo Bank, N.A.*, No. 6:19-cv-64.

In each case, Plaintiff commenced these actions against Wells Fargo by filing a "Warrant in Debt" in state court, demanding "removal of derogatory debt from all three credit bureaus; TransUnion, Experian, and Equifax" without further explanation. *Tolley I*, Dkt. 1-1; *Tolley II*, Dkt. 1-1; *Tolley III*, Dkt. 1-1. The only difference between each of these Warrants in Debt is the amount Plaintiff alleges is owed to him.

On September 19, 2019, Wells Fargo filed a motion to dismiss in each of the three cases, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tolley I*, Dkt. 5; *Tolley II*, Dkt. 5; *Tolley III*, Dkt. 5. On October 4, Plaintiff filed in each case a document entitled "CounterClaim," which the Clerk of the Court has docketed as a "Response in Opposition" to Wells Fargo's motion to dismiss. *Tolley I*, Dkt. 9; *Tolley II*, Dkt. 8; *Tolley III*, Dkt. 9. Wells Fargo responded to Plaintiff's filings in these cases with a reply in support of its motion to dismiss, treating Plaintiff's "CounterClaim" filing as an opposition brief to its motion to dismiss. *Tolley I*, Dkt. 10; *Tolley II*, Dkt. 9; *Tolley III*, Dkt. 10,

## DISCUSSION

The Plaintiff in this case is proceeding pro se, and pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Because pro se complaints "represent the work of an untutored hand requiring special judicial solicitude," courts must "construe pro se complaints liberally." *Baudette v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985). "[T]hose litigants with meritorious claims should not be tripped up in court on technical niceties." *Id*. at 1277–78 (citation omitted). Courts need not, of course, "conjure up questions never squarely presented to them . . . . Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence

fragments." *Id*. at 1278.

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits Plaintiff to amend his complaint as a matter of course—and thus without leave from the Court—within twenty-one days after a responsive pleading or a motion under Rule 12(b) has been served. In each of these cases, it is undisputed that Plaintiff filed what he has entitled a "CounterClaim" within twenty-one days of each of Wells Fargo's motions to dismiss. *Tolley I*, Dkt. 9; *Tolley II*, Dkt. 8; *Tolley III*, Dkt. 9.

Plaintiff's original complaint as filed in state court was a "Warrant in Debt" form, promulgated by the state judiciary, that provided only two short lines for Plaintiff to detail his claim. Plaintiff's so-called "CounterClaim" filings in each of the cases provide three pages of argument and factual allegations, along with exhibits constituting Plaintiff's original Warrant in Debt (as filed in each respective state court action) and at least twelve pages of letters sent to Defendant and credit reporting bureaus.

Plaintiff himself seems to suggest that the context in which he filed his original complaint in state court did not allow for the detail required by Fed. R. Civ. P. 8. *Tolley I*, Dkt. 9 at 2 ("There is simply not enough space to include all information defendant requests to see on these lines of the Warrant In Debt."); *Tolley II*, Dkt. 8 at 2 (same); *Tolley III*, Dkt. 9 at 2 (same). Further, Plaintiff's "CounterClaim" filing is evidently responsive to the arguments that Wells Fargo raised in its motion to dismiss, and it further explains the causes of action under which he is seeking relief. *Tolley I*, Dkt. 9 at 1–2. (stating that "[t]he attachments, state claims against the defendant for violations of the FDCPA, and due to failure to comply [*sic*] domestic terrorism" and "[n]o claims made for FCRA violations, although applicable, as the defendant states"); *Tolley II*, Dkt. 8 at 1–2 (same); *Tolley III*, Dkt. 9 at 1–2 (same).

Given this Court's obligation to construe Plaintiff's filings liberally and that Plaintiff filed

3

his response within Rule 15(a)(1)(B)'s twenty-one day period to amend as a matter of course, the Court finds that justice requires recognizing Plaintiff's "CounterClaim" filing as an amended complaint. *See McRae v. Harrison*, No. 5:17-cv-23, 2018 WL 4345278, at *4 (E.D.N.C. Aug. 16, 2018), *report and recommendation adopted*, No. 5:17-cv-23, 2018 WL 4339362 (E.D.N.C. Sept. 11, 2018); *Ford v. Master Sec. Co., LLC*, No. PWG-15-2220, 2016 WL 1752897, at *5 (D. Md. May 3, 2016); *Hildebrand v. PBM Graphics, Inc.*, No. 5:13-cv-15, 2013 WL 3357741, at *1 (E.D.N.C. July 2, 2013). As Defendant's motions to dismiss in these cases are directed at Plaintiff's original complaint, the Court will dismiss them as moot. *See McRae,* 2018 WL 4345278, at *4 (dismissing motion to dismiss as moot after construing pro se plaintiff's response in opposition as an amended complaint); *Henderson v. White's Truck Stop, Inc.*, No. 6:08-cv-00042, 2011 WL 1627120, at *1 (W.D. Va. April 29, 2011) (Moon, J.) (noting that original motion to dismiss was denied as moot after plaintiff filed an amended complaint). Defendant will be permitted in each of the above-captioned cases to file motions to dismiss or otherwise respond to Plaintiff's amended complaints no later than twenty-one days after the date of the Order accompanying this Memorandum Opinion.

CONCLUSION

For the foregoing reasons, the Plaintiff's "CounterClaim," *Tolley I*, Dkt. 9; *Tolley II*, Dkt. 8; *Tolley III*, Dkt. 9, filed in each of these cases will be recognized as an amended complaint, and the Defendant's motions to dismiss Plaintiff's original pleadings, *Tolley I*, Dkt. 5; *Tolley II*, Dkt. 5; *Tolley III*, Dkt. 5, will be dismissed as moot.

An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to Plaintiff and all counsel of record.

ENTERED this 20th day of December, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE